STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY, INC.,

      Plaintiff,

    v.

ANTHONY BLAIR, JR.,

      Defendant.

No. 15 C 8026

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

State Auto Property & Casualty Insurance Company Inc. ("State Auto") seeks a declaratory judgment that no coverage is afforded under the homeowner's insurance policy it issued to Anthony Blair Jr. for the loss of his house to a fire. R. 1. Blair filed a counterclaim seeking to collect attorneys' fees under Section 155 of the Illinois Insurance Code, alleging that State Auto unreasonably delayed processing Blair's insurance claim. R. 18 (Count II). State Auto has moved to dismiss the counterclaim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 20. For the following reasons, State Auto's motion to dismiss is granted.

## Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to

provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## Background

Blair purchased a homeowners insurance policy from State Auto for 239 W. 58th Street, Chicago, Illinois. R. 18 at 7 (¶ 3). The policy insured the home and provided for loss of use at a total of $229,800. R. 18-1 at 13. The insurance policy excludes coverage for "any loss arising out of any acts an 'insured' commits or conspires to commit with the intent to cause a loss," or when the insured conceals or misrepresents "any material fact or circumstance," "engage[s] in fraudulent conduct," or "made false statements relating to this insurance." R. 18-1 at 25, 36.

On January 11, 2015, the home caught fire. R. 18 at 8 (¶ 4). At the time of the fire, only Blair, his father, and his father's fiancé had keys to the insured premises, and the location was securely locked. R. 1 ¶¶ 70-71; R. 18 at 6.. The Chicago Fire Department needed to force its way inside to extinguish the fire. R. 1 ¶ 73; R. 18 at 6.

State Auto hired an investigator to determine the cause and origin of the fire. R. 1 ¶ 45; R. 18 at 4. The investigator found that three separate fires were started—one on each floor—and a mattress on the second floor tested positive for accelerants. R. 1 ¶¶ 48-49; R. 18 at 4. The investigator concluded that the fires were caused by "human action." R. 1 ¶ 52; R. 18 at 4. On the basis of these findings, State Auto has refused to pay Blair the amount of the claim or any other amount. R. 18 at 8 (¶ 7).

On September 12, 2015, State Auto filed this action seeking a declaration that it did not owe Blair anything under the policy. R. 1. Along with his answer, Blair filed a two-count counterclaim, asserting in Count II that State Auto's refusal to pay the amount due under the policy was "vexatious and without justification." R. 18. Blair sought attorneys' fees and any additional amount allowed based on State Auto's delay in payment under 215 ILCS 5/155. *Id.* at 9.

**Analysis**

Section 5/155 provides the following:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious

> and unreasonable, the court may allow as part of the
> taxable costs in the action reasonable [and] other costs . . .

"[A]n insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (internal citations omitted). In determining whether State Auto's actions were vexatious and unreasonable, this Court considers the totality of the circumstances. *See TKK USA, Inc. v. Safety Nat. Ins. Co.*, 727 F.3d 782, 793 (7th Cir. 2013)

Blair argues that State Auto unnecessarily delayed paying on his insurance claim "pending the deposition of a Chicago Fire Department officer who concluded that the fire was accidental and not arson as alleged by [State Auto]." R. 30 at 3. But Blair does not plausibly allege that State Auto's failure to pay on the policy was "vexatious and unreasonable." To the contrary, State Auto alleges that it has not paid on the policy because there is evidence that Blair caused the fire that burned the insured property, and the policy includes an exclusion for loss caused by such conduct. In support of its decision to withhold payment, State Auto alleges that the insured premises were locked and the fire department had to break into the building to put out the fire, R. 1 ¶¶ 70, 73; a mattress found upstairs had traces of accelerants, *id.* ¶ 75; and State Auto investigator concluded that the fire was caused by "human action," *id.* ¶ 52. These allegations are more than enough to establish

that a bona fide dispute exists regarding the application of the policy's coverage. When such a bona fide dispute exists, the insurance company's delay in payment cannot be said to be "vexatious and unreasonable," and Section 5/155 does not apply.

### Conclusion

For the foregoing reasons, State Auto's motion to dismiss Count II of Blair's counterclaims, R. 20, is granted, and Blair's claim for attorneys' fees under Section 5/155 is dismissed without prejudice.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated:  September 6, 2016